RP

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Standley, | No. CV 10-1867-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff David Standley, who is confined in the Arizona State Prison Complex-Eyman (ASPC-Eyman), has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), a "Motion For Appointment Of Counsel" (Doc. 3), an Application to Proceed *In Forma Pauperis* (Doc. 4), a "Certified Statement Of Account" (Doc. 5) from the Central Office of the Arizona Department of Corrections (ADOC), and a "Motion/Motion For Reconsideration - Appointment Of Counsel" (Doc. 6). The Court will grant Plaintiff's Application to Proceed *In Forma Pauperis*, assess an initial partial filing fee, deny both of Plaintiff's Motions for the appointment of counsel, dismiss the medical claim in Count II, dismiss Count III, dismiss Defendants ADOC and Dennis Kendall, and order Defendants Ryan, Ramos, Lewenski, Freeland, Matson, James, and Patton to answer Count I of the Complaint and Defendants Ryan, Freeland, and Ramos to answer the conditions-of-confinement claim in Count II of the Complaint.

**TERMPSREF**

## I.   Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 4) will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $25.79. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual

allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III.   Complaint**

Named as Defendants in the Complaint are: (1) Charles L. Ryan, Director of the ADOC; (2) ADOC; (3) A. Ramos; Deputy Warden, ASPC-Eyman, Browning Unit; (4) J. Freeland, Committee Chairperson; (5) H. Matson, Deputy Warden, Validation Member on the Committee; (6) J. James, Deputy Warden, Validation Member on the Committee; (7) R. Patton, ADOC Security Operations Administrator, Chairman of the Security Threat Group (STG) Validation Appeals Committee; (8) Lewenski, Lieutenant, STG Coordinator for the Arizona State Prison Complex-Lewis (ASPC-Lewis); and (9) Dennis Kendall, M.D., ADOC Facility Health Care Administrator for ASPC-Eyman.

Plaintiff raises three grounds for relief in the Complaint:

(1)   Plaintiff's due process rights were violated by his validation as a STG member and indefinite solitary confinement;

(2)   Plaintiff's Eighth Amendment rights are violated by the conditions of his confinement and inadequate medical care; and

(3)   Plaintiff's equal protection rights are violated because he does not have the opportunity to participate in a program that would allow him to return to a general population yard.

Plaintiff seeks declaratory and injunctive relief, release from the Browning Unit of ASPC-Eyman and reversal of his STG validation, reasonable medical care without undue and unreasonable delay, monetary damages, interest, and fees and costs.

1   **IV.    Failure to State a Claim**

2       **A.    Count II–Medical Claim**

3           In Count II, Plaintiff alleges in part that his Eighth Amendment rights are being
4   violated because "medical care is limited and woefully inadequate in [the] Browning Unit"
5   of ASPC-Eyman.  Plaintiff alleges that "[s]ince he has been placed in Browning Unit, he has
6   begun to suffer an[] increased amount of headaches" and that "these painful and chronic
7   headaches result in the Plaintiff losing sleep, appetite, and irritations due to light and sounds,
8   as well as, issues surrounding Hep[atitis] 'C' which Plaintiff has been medically diagnosed
9   with."  Plaintiff alleges that he "has not received any meaningful treatment for these issues"
10  and that he has "notified Defendants Ryan, Ramos, and Kendall of his medical issues to no
11  avail."

12          To state a § 1983 medical claim, a plaintiff must show that the defendants acted with
13  "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th
14  Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a
15  "serious medical need" by demonstrating that failure to treat the condition could result in
16  further significant injury or the unnecessary and wanton infliction of pain and (2) the
17  defendant's response was deliberately indifferent.  Jett, 439 F.3d at 1096 (quotations
18  omitted).

19          "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051,
20  1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know
21  of and disregard an excessive risk to inmate health; "the official must both be aware of facts
22  from which the inference could be drawn that a substantial risk of serious harm exists, and
23  he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate
24  indifference in the medical context may be shown by a purposeful act or failure to respond
25  to a prisoner's pain or possible medical need and harm caused by the indifference.  Jett, 439
26  F.3d at 1096.

27          Medical malpractice or negligence is insufficient to establish a violation.  Toguchi,
28  391 F.3d at 1060.  Thus, mere negligence in diagnosing or treating a condition does not

1 violate the Eighth Amendment. Toguchi, 391 F.3d at 1057. Also, an inadvertent failure to
2 provide adequate medical care alone does not rise to the Eighth Amendment level. Jett, 429
3 F.3d at 1096. A difference in medical opinion also does not amount to deliberate
4 indifference. Toguchi, 391 F.3d at 1058. To prevail on a claim involving choices between
5 alternative courses of treatment, a prisoner must show that the chosen course was medically
6 unacceptable under the circumstances and was chosen in conscious disregard of an excessive
7 risk to the prisoner's health. Id.

8 Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,
9 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v.
10 Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further,
11 a liberal interpretation of a civil rights complaint may not supply essential elements of the
12 claim that were not initially pled. Id. "Threadbare recitals of the elements of a cause of
13 action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

14 Plaintiff's allegations in Count II regarding medical care are too conclusory and vague
15 to state an Eighth Amendment medical claim. Not only does Plaintiff not allege how he
16 "notified Defendants Ryan, Ramos, and Kendall" of his "medical issues," but also he does
17 not clearly identify what those "medical issues" were. Accordingly, the Court will dismiss
18 Plaintiff's medical claim in Count II for failure to state a claim upon which relief may be
19 granted.

20 **B.    Count III–Equal Protection**

21 In Count III, Plaintiff claims that his equal protection rights are being violated because
22 he is not being allowed to participate in a program that would allow him to return to a general
23 population unit. Plaintiff alleges that in 2006, former ADOC Director Dora Schriro
24 implemented a "Step Down Program" for STG inmates and that 20 inmates completed the
25 program and were returned to general population units in 2008. After that, Plaintiff alleges
26 the program was delayed until a "new policy was signed and implemented" in November of
27 2009. Plaintiff claims that his equal protection rights are being violated because only one
28 group has been allowed into the program since then and he and "other qualified prisoners are

1  being denied these same opportunities."

2  Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,]
3  a plaintiff must show that the defendants acted with an intent or purpose to discriminate
4  against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152
5  F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not alleged he is a member of a protected
6  class.

7  The United States Supreme Court has also recognized "successful equal protection
8  claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally
9  treated differently from others similarly situated and that there is no rational basis for the
10 difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see
11 also SeaRiver Maritime Financial Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.
12 2002). Even under this standard, Plaintiff has failed to state a claim. Plaintiff has failed to
13 allege that he is being treated differently than other similarly situated individuals and that
14 there was no rational basis for treating him differently.

15 Additionally, the Court notes that in order to state a viable constitutional claim under
16 42 U.S.C. § 1983, Plaintiff must show an affirmative link between the alleged injury and the
17 conduct of an individual Defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).
18 Also, to state a claim against a state official, the civil rights complainant must allege that the
19 official personally participated in the constitutional deprivation, or that a state supervisory
20 official was aware of the widespread abuses and with deliberate indifference to the inmate's
21 constitutional rights failed to take action to prevent further misconduct. King v. Atiyeh, 814
22 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social
23 Services, 436 U.S. 658, 691 (1978); Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988).

24 There is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat superior*,
25 and, therefore, a defendant's position as the supervisor of persons who allegedly violated a
26 plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691; West v.
27 Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird Mobile Home Village, 723
28 F.2d 675, 680-81 (9th Cir. 1984).

1  Plaintiff has not properly alleged an equal protection violation or linked the injuries
2  that he complains about in Count III with the actions of any individual named Defendant.
3  Accordingly, for the above reasons, Count III will be dismissed for failure to state a claim
4  upon which relief may be granted.

**V.     Claims for Which an Answer Will be Required**

In Count I, Plaintiff claims that Defendants Lewenski, Freeland, Matson, James, and Patton violated his due process rights during the STG validation process.  Plaintiff also claims that his continued, indefinite confinement in the STG unit by Defendants Ryan and Ramos violates his due process rights because he is not given any meaningful opportunity for review or reclassification.  Plaintiff alleges that the severe conditions of confinement in the STG unit constitute atypical and significant hardships for the purpose of due process analysis.

In Count II, Plaintiff claims that his Eighth Amendment rights are violated by the conditions of his indefinite confinement imposed by Defendants Ryan, Freeland, and Ramos. These conditions include the denial of outdoor recreation, constant illumination in his cell, an enforced sedentary lifestyle, and limited food.

Liberally construed, these allegations adequately state a Fourteenth Amendment due process claim (Count I) and an Eighth Amendment conditions-of-confinement claim (Count II).  The Court will require Defendants Ryan, Ramos, Lewenski, Freeland, Matson, James, and Patton to answer Count I and Defendants Ryan, Freeland, and Ramos to answer the conditions-of-confinement claim in Count II.

**VI.    Dismissal of Defendants**

   **A.    ADOC**

Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under

TERMPSREF

- 7 -

section 1983." <u>Gilbreath v. Cutter Biological, Inc.</u>, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).

Accordingly, as an arm of the State, the ADOC is not a proper Defendant and will be dismissed from this action for failure to state a claim upon which relief may be granted.

**B.    Defendant Dennis Kendall**

Because no claims now remain against him, the Court will dismiss Defendant Dennis Kendall from this action for failure to state a claim upon which relief may be granted.

**VII.    Motions for the Appointment of Counsel**

On August 31, 2010, Plaintiff filed a "Motion For Appointment Of Counsel" (Doc. 3), and on October 19, 2010, Plaintiff filed a "Motion/Motion For Reconsideration - Appointment Of Counsel" (Doc. 6). In both of these Motion, Plaintiff requests that counsel be appointed for him.

There is no constitutional right to appointment of counsel in a civil case. <u>See</u> <u>Ivey v. Board of Regents of the University of Alaska</u>, 673 F.2d 266, 269 (9th Cir. 1982); <u>Randall v. Wyrick</u>, 642 F.2d 304 (8th Cir. 1981). The appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).

A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issue involved. <u>Id.</u> "Neither of these factors is dispositive and both must be viewed together before reaching a decision." <u>Id</u>. (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not presently appear that exceptional circumstances are present that would require the appointment of counsel in this case. Accordingly, both of Plaintiff's Motions will be denied.

**VIII.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

1 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay 2 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result 3 in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 4) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $25.79.

(3) Plaintiff's "Motion For Appointment Of Counsel" (Doc. 3) and "Motion/Motion For Reconsideration - Appointment Of Counsel" (Doc. 6) are both **denied**.

(4) Plaintiff's medical claim in Count II of the Complaint (Doc. 1) is **dismissed** for failure to state a claim upon which relief may be granted.

(5) Count III of the Complaint (Doc. 1) is **dismissed** for failure to state a claim

1  upon which relief may be granted.

2      (6)    Defendants Arizona Department of Corrections and Dennis Kendall are
3  **dismissed** from this action for failure to state a claim upon which relief may be granted.

4      (7)    Defendants Charles L. Ryan, A. Ramos, Lewenski, J. Freeland, H. Matson, J.
5  James, and R. Patton **must answer** Count I of the Complaint (Doc. 1) and Defendants
6  Charles L. Ryan, J. Freeland, and A. Ramos **must answer** the conditions-of-confinement
7  claim in Count II of the Complaint (Doc. 1).

8      (8)    The Clerk of Court **must send** Plaintiff a service packet including the
9  Complaint (Doc. 1), this Order, and both summons and request for waiver forms for
10 Defendants Charles L. Ryan, A. Ramos, J. Freeland, H. Matson, J. James, R. Patton, and
11 Lewenski.

12     (9)    Plaintiff **must complete and return** the service packet to the Clerk of Court
13 within **21 days** of the date of filing of this Order.  The United States Marshal will not provide
14 service of process if Plaintiff fails to comply with this Order.

15     (10)    **If** Plaintiff does not either obtain a waiver of service of the summons or
16 complete service of the Summons and Complaint on a Defendant within 120 days of the
17 filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the
18 action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv
19 16.2(b)(2)(B)(i).

20     (11)    The United States Marshal **must retain** the Summons, a copy of the
21 Complaint, and a copy of this Order for future use.

22     (12)    The United States Marshal **must notify** Defendants Charles L. Ryan, A.
23 Ramos, J. Freeland, H. Matson, J. James, R. Patton, and Lewenski of the commencement of
24 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
25 Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The
26 Marshal must immediately file requests for waivers that were returned as undeliverable and
27 waivers of service of the summons.  If a waiver of service of summons is not returned by a
28 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the

Marshal must:

    (a)   personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(13)   **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(14)   Defendants Charles L. Ryan, A. Ramos, J. Freeland, H. Matson, J. James, R. Patton, and Lewenski **must answer** the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(15)   Any answer or response **must state** the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

//
//
//
//
//
//
//

(16)     This matter is **referred** to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 23rd day of November, 2010.

_____
David G. Campbell
United States District Judge